IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

RICHARD BRANSON and
SAMEKA BRANSON                                                                PLAINTIFFS

v.                                                    CIVIL ACTION NO. 23-200 JA

STATE FARM FIRE AND
CASUALTY COMPANY                                                              DEFENDANT

**FILED**
MADISON COUNTY
JUN 28 2023
ANITA WRAY, CIRCUIT CLERK
BY _____ D.C.

## COMPLAINT
(Jury Trial Demanded)

COME NOW, Plaintiffs Richard Branson and Sameka Branson ("Plaintiffs"), and present their Complaint against State Farm Fire and Casualty Company, as follows:

### I.

### PARTIES

1.1    Plaintiff Richard Branson is an adult resident citizen of Madison County, Mississippi.

1.2    Plaintiff Sameka Branson is an adult resident citizen of Madison County, Mississippi.

1.3    State Farm Fire and Casualty Company ("State Farm") is an insurance company organized under the laws of Illinois and registered to do business in Mississippi and process may be issued on the Mississippi Insurance Commissioner, upon State Farm's registered agent for service of process at the United States Corporation Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110, or in any other manner allowed under the Mississippi Rules of Civil Procedure.

### II.

### VENUE AND JURISDICTION

2.1    Subject matter jurisdiction is proper in this Court.

**EXHIBIT A**

2.2 Venue is proper in this Court as some or all of the events giving rise to this claim occurred in the Circuit Court of Madison County, Mississippi, and the property at issue in this lawsuit is located in Madison County, Mississippi.

### III.

### FACTS

3.1 State Farm issued Homeowners Insurance Policy, Policy No. 24-C2-1715-5 (the "Subject Policy"), to Plaintiffs which, at all times relevant, provided insurance coverage for, among other coverages, Plaintiffs' Dwelling (Coverage A) located at 279 Cobbville Drive East, Canton, Mississippi 39046 ("Subject Property").

3.2 On or about May 4, 2021, storm damage occurred which caused damage to the Subject Property. Plaintiffs reported the claim to State Farm soon thereafter. State Farm subsequently scheduled an inspection of the Subject Property through a TPA retained by State Farm, Sedgwick Repair Solutions, for May 14, 2021.

3.3 Plaintiffs also notified State Farm prior to the date set for the inspection that water staining had occurred to the continuous ceiling adjoining the living room, dining room, and kitchen. Plaintiffs also provided photographs of the water damage to State Farm.

3.4 On May 14, 2021, the inspection of the Subject Property was conducted by Malone Roofing Services. The inspection revealed missing shingles as well as wind damage to architectural shingles on the roof of the Subject Property, along with damage to the interior of the home.

3.5 Small payments totaling $701 were made by State Farm, which were only a fraction of the cost to repair the damage to the Subject Property.

3.6 Plaintiffs thereafter obtained an estimate from an independent roofing company for the cost of their roof replacement at that time. State Farm took no further action on the claim at that time and instead closed the claim.

3.7 In or about late-August of 2022, Plaintiffs again sought assistance from State Farm for coverage of the damage to the Subject Property. Over the next several weeks, despite receiving multiple additional estimates from independent roofing companies from Plaintiffs, State Farm continued to give Plaintiffs the run-around rather than taking action on Plaintiffs claim.

3.8 On or about September 9, 2022, State Farm instructed Plaintiffs that a separate weather event had occurred since the date on which their first claim had been submitted and that a new claim would need to be opened with a new date of loss due to separate weather events.

3.9 Approximately 3 days later, State Farm apparently realized that it would be in State Farm's best interest not to open a new claim but instead to proceed under Plaintiffs' old claim. This was despite State Farm's prior instructions to Plaintiffs that a new weather event had occurred warranting a new, separate claim. An additional inspection of the Subject Property was performed on September 29, 2022. The inspection revealed additional wind damage to the Subject Property with further loss of shingles, new water damage, and other damage.

3.10 State Farm determined that the additional damage was caused by a weather event that took place on August 16, 2022, which included 54 mph winds. State Farm also determined that zero hail damaged shingles existed on the roof of the Subject Property. Subsequently, in bad faith, State Farm closed the claim.

3.11    By report date September 1, 2022, one of the independent roofers retained by Plaintiffs provided State Farm with conclusive proof of hail damage and other significant wind and storm damage to the Subject Property, a small sample of which are provided below:









6



3.12    Thereafter, on October 4, 2022, Plaintiffs demanded appraisal, but State Farm refused to participate, taking the position that a dispute over coverage existed.

3.13    On or about October 12, 2022, State Farm referred the claim for an inspection by an engineering firm it had retained by the name of NV5 Engineering ("NV5"). NV5 was at all times acting as State Farm's agent in discharging State Farm's obligations to Plaintiffs under the Subject Property. The NV5 inspection was scheduled for October 26, 2022.

3.14    NV5 determined that the roof covering exhibited normal wear and weathering along with blistering, granular loss and mechanical damages. Furthermore, NV5 determined that no visual evidence that indicated a significant hail event occurred at the insured location. State Farm thereafter denied Plaintiffs' claim and again closed its file on or about November 19, 2022.

3.15    On November 28, 2022, Plaintiffs also submitted their Contents Inventory Submission Report for Coverage B – Personal Property damages. State Farm likewise ultimately denied Plaintiffs' claim for coverage.

**IV.**

## CAUSES OF ACTION

### Breach of Contract/Tortious Breach of Contract

4.1   Plaintiffs incorporate by reference the prior allegations as if set forth fully herein.

4.2   Plaintiffs and State Farm entered into a contract for homeowner's insurance (the Subject Policy). Pursuant to the Subject Policy, Plaintiffs paid State Farm premiums every month for insurance coverage on the Subject Property. Loss to the Subject Property occurred during the Subject Policy coverage period. State Farm failed to provide Plaintiffs with all benefits owed to them under the Policy, to competently and fully repair/replace the damage to the Subject Property. As a proximate result, Plaintiffs have suffered damages and continue to suffer damages.

4.3   State Farm's conduct and such breach has been with gross, reckless, and malicious disregard for the rights of Plaintiffs as amounting to a separate and independent tort resulting in damages to Plaintiffs and justifying an award of actual as well as punitive damages in favor of Plaintiffs.

### Breach of the Duty of Good Faith and Fair Dealing

4.4   Plaintiffs incorporate by reference the prior allegations as if set forth fully herein.

4.5   Such actions are breaches of contract and the implied covenant of good faith and fair dealing contained under the respective policies. State Farm's conduct and such breach has been with gross, reckless, and malicious disregard for the rights of Plaintiffs, resulted in damages to Plaintiffs, and justifies an award of actual as well as punitive damages in favor of Plaintiffs.

### Bad Faith

4.6   Plaintiffs incorporate by reference the prior allegations as if set forth fully herein.

4.7   The actions attributable to State Farm, as described above and incorporated herein, were committed with malice, gross negligence, and/or with intentional, willful, wanton, reckless and intentional disregard for the rights of Plaintiffs. Such actions were without justification or an arguable reason and were committed in bad faith. Consequently, State Farm is liable for punitive damages. State Farm handled the claim with intentional, willful, and reckless disregard for Plaintiffs' rights.

### Negligence/Gross Negligence

4.8   Plaintiffs incorporate by reference the prior allegations as if set forth fully herein.

4.9   State Farm failed to exercise the degree of care, skill, knowledge, and ability ordinarily possessed by members of its profession in performance of the Policy with respect to Plaintiffs' claim for covered loss to the Subject Property. State Farm's failure to exercise the care, skill, knowledge, and ability ordinarily exercised by members of their profession caused damage to Plaintiffs.

4.10   Further, State Farm's actions in this matter constituted gross negligence and reckless disregard for the rights and property of Plaintiffs. State Farm's gross negligence and reckless disregard for the rights of Plaintiffs were the direct and proximate cause of damages sustained by Plaintiffs. State Farm knew or should have known that its gross negligence and reckless disregard for the rights of Plaintiffs would cause Plaintiffs to sustain damages in this case.

## V.

## DAMAGES

5.1   Plaintiffs seek damages for breach of contract, injuries, emotional distress, hedonic damages, all economic as well as noneconomic damages allowable under applicable law,

9

and all other damages which will be shown at the trial of this case. Plaintiffs demand actual, compensatory, incidental, and consequential damages as well as punitive damages in an amount in excess of the jurisdictional minimum of this Court. Plaintiffs seek all additional damages allowable under applicable law, which may include but are not limited to prejudgment interest, post-judgment interest, attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiffs respectfully requests a jury trial of this matter and pray that Defendant be called to answer this Complaint and that Plaintiffs recover all damages which may be awarded to them in this action, including all expenses and costs of this action, and such other relief as the Court and the jury deem just.

This the 25th day of June, 2023.

Respectfully submitted,

RICHARD BRANSON AND SAMEKA BRANSON

By: _____
John W. Nisbett

OF COUNSEL:
Michael A. Heilman (MSB No. 2223)
John W. Nisbett (MSB No. 103120)
HEILMAN NISBETT POLK, P.A.
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914.1025
Facsimile: (601) 944.2915
mheilman@hnplawyers.com
jnisbett@hnplawyers.com