IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICHARD BRANSON and SAMEKA BRANSON**,

*Plaintiffs*,

v.

**STATE FARM FIRE AND CASUALTY COMPANY**,

*Defendant*.

CAUSE NO. 3:23-CV-491-CWR-ASH

# ORDER

Before the Court is the defendant's motion for partial summary judgment. Docket No. 34. The matter is fully briefed and ready for adjudication. After reviewing the facts, arguments, and applicable law, the Court finds that the motion is due to be granted.

## I. Factual and Procedural History

Richard and Sameka Branson's roof was damaged on May 4, 2021, during a storm. On May 6, the Bransons contacted their insurer, State Farm Fire & Casualty Company, to submit a claim for damage to their roof.

State Farm sent Malone Roofing Company to examine the roof. Malone determined that the roof was missing one shingle and five ridge cap shingles. Malone also noticed and photographed interior ceiling stains stemming from the roof damage. It estimated that repairing this damage would cost $267.71. State Farm incorporated Malone's findings and estimated it would cost $1,958 to repair the Bransons' roof and ceiling stains. After their

deductible, the Bransons would be entitled to $699.43 from State Farm. State Farm issued a check in that amount on May 17, 2021.

The next day, the Bransons submitted an estimate by Hudson Construction Company of $10,200, a sum reflecting the cost to replace their entire roof. State Farm was not persuaded. It informed the Bransons that the estimate from Hudson was not enough to prove that they suffered damages beyond Malone's initial determination and told them to provide an itemized estimate for further consideration. The Bransons told State Farm that they understood and would provide this information. Then, State Farm closed the claim.

The Bransons did not repair the damage to their roof or ceiling. More than a year later, in August 2022, they submitted to State Farm an itemized estimate from Josh Neal Roofing & Restoration ("JNRR"). This estimate showed that it would take $23,192.47 to replace the roof, as its condition had worsened between May 2021 and August 2022. JNRR's estimate also said that the Bransons' roof was damaged by hail.[1]

State Farm reviewed JNRR's report and determined that it included damage that was not alleged in the May 2021 claim. So, State Farm told the Bransons they would need to submit a new claim for any damage that occurred after May 2021.

The record is less clear about what happened next. It appears the Bransons submitted a second claim to State Farm. This second claim was based on the interior damage alleged in May 2021—including the alleged hail damage—along with subsequent damage because the roof and ceiling were never repaired. The "second" claim was given an individual claim number, with a date of loss of June 15, 2022, and was characterized as a "record only" claim.

---

[1] JNRR's initial estimate did not include repairs to damage inside the home. It later submitted photographs and reports that incorporated interior repairs.

*See* Docket No. 40-5 at 26. Because State Farm had already issued a check for the May 2021 damage, it deemed that portion of the claim as a duplicate and took no further action. But because the second claim also indicated there was additional damage to the roof and ceiling, State Farm arranged for Jeffry Parfait to conduct another examination.

Parfait's September 2022 inspection revealed no evidence of hail damage. He did notice additional damage to the roof, though, and informed the Bransons they could submit a new claim for that damage. State Farm updated its 2021 estimate to reflect more recent pricing, then issued another payment to the Bransons. The Bransons were still displeased with State Farm's findings.

In October 2022, State Farm retained NV5, an independent engineering firm to investigate the damage. NV5 found no evidence of hail damage. NV5 did, however, think that the roof showed signs of manufacturing and installation defects which were not covered under State Farm's Policy. State Farm incorporated NV5's findings into a letter and sent it to the Bransons in November 2022. And at some point, State Farm retained Jason Dill, an independent engineer, who corroborated NV5's findings.

The parties continued to dispute whether the Bransons were entitled to replacement shingles only, or a new roof. The Bransons ultimately filed this suit in 2023.

Now, after the close of discovery, the parties apparently agree that a jury should decide whether State Farm breached its contract of insurance with the Bransons by undervaluing their claim(s). The dispute before the Court is solely on State Farm's argument that it is entitled to partial summary judgment on the Bransons' bad faith and extra-

contractual damages claims.[2] Its contentions and the Bransons' responses are discussed below.

## II.    Legal Standard

A party may move for summary judgement "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted). The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

## III.    Discussion

### A.    Substantive Law

The Bransons' suit is based on diversity jurisdiction; thus, the Court must "undertake to apply Mississippi law to the issue of punitive damages and rule as would the Mississippi courts." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991).

To prove a claim for bad faith denial of insurance benefits, a plaintiff must establish that the insurer "lacked an arguable or legitimate basis for denying the claim" and

---

[2] State Farm represents that the Bransons have conceded their claim for interior damage. The Bransons agree that there is no expert testimony regarding interior damages to present at trial. Docket No. 48 at 1. Accordingly, the Court agrees that the Bransons have abandoned their claim for interior damage.

4

"committed a wi[l]lful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *State Farm Mut. Auto Ins., Co. v. Grimes*, 772 So. 2d 637, 641 (Miss. 1998). "A person is said to have an arguable reason for acting if there is some credible evidence that supports the conclusions on the basis of which he acts. "*Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So. 2d 833, 851 (Miss. 1984) (Robertson, J. concurring). "[I]t is the function and responsibility of the trial court to determine whether the insurance carrier had a reasonably arguable basis, either in fact or in law, to deny the claim." *Id.* at 842. If the Court "finds there was a reasonably arguable basis to deny the claim, then the plaintiff is not entitled to have the jury consider any 'bad faith' award against the insurance company." *Id.*

**B.   Analysis**

The Bransons' claims fail under the first prong. State Farm did compensate the Bransons following their May 2021 claim. But State Farm did not compensate the Bransons as they requested when they effectively modified this claim with additional damage. Now, the Bransons' bad faith claim stems from State Farm's determination that the roof was not damaged by hail in May 2021 or anytime thereafter. Because there was no hail damage in May 2021, the additional damage to the roof and ceiling was not covered under the original claim. Additionally, the damage was not compensable in later claims because State Farm determined the subsequent damage was caused by manufacturing defects not covered under the terms of State Farm's Policy.

State Farm maintains, and the Bransons agree, that it utilized independent engineers in reaching a decision on the Bransons' claims. And "an insurer's reliance on an independent expert provides, 'at the very least, an arguable basis for denying [a] claim.'" *Dewey Street Church of Christ v. Church Mut. Ins. Co.*, No. 2:19-CV-12-KS-MTP, 2020 WL 7133003, at *7 (S.D.

Miss. Dec. 4, 2020) (citing *Hans Const. Co., Inc. v. Phoenix Assur. Co. of New York*, 995 F.2d 53, 55 (5th Cir. 1993)); *accord Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 620, 623 (Miss. 1988). The reports by NV5 and Jason Dill constituted credible evidence in support of State Farm's determination that that the Bransons' roof did not suffer hail damage. Because State Farm had an arguable reason to deny payment for this claim, the Bransons' bad faith claim cannot proceed to trial.

Summary judgment is also proper as to the Bransons' claims for punitive damages and extracontractual damages. "[I]f an insurance company has a legitimate reason or an arguable reason for failing to pay a claim, punitive damages will not lie." *Grimes*, 722 So. 2d at 641 (quoting *Standard Life Ins. Co. of Ind. v. Veal*, 354 So. 2d 239, 248 (Miss. 1977)). And "[e]xtracontractual damages, such as awards for emotional distress and attorneys' fees, are not warranted where the insurer can demonstrate 'an arguable, good-faith basis for denial of a claim.'" *United Servs. Auto. Ass'n v. Lisanby*, 47 So. 3d 1172, 1178 (Miss. 2010). Having determined that State Farm had an arguable reason to deny the Bransons' claims, State Farm's motion will be granted on these issues.

### IV. Conclusion

State Farm's motion for partial summary judgment is granted for the reasons discussed above. The parties shall appear for the Final Pretrial Conference scheduled for November 4, 2024.

**SO ORDERED**, this the 1st day of November, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE