# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RICHARD BRANSON AND SAMEKA BRANSON**

*Plaintiffs*,

*v.*

**STATE FARM FIRE AND CASUALTY COMPANY**,

*Defendant*.

CAUSE NO. 3:23-CV-491-CWR-ASH

## ORDER

Before the Court is State Farm's motion in limine. Docket No. 44. For the reasons that follow, State Farm's motion will be granted.

**I.     Background**

On May 4, 2021, a storm damaged the roof of Richard and Sameka Branson's home, which at the time was insured by State Farm. This case stems from a dispute over whether State Farm breached its contract with the Bransons when it determined that certain portions of the damage were not covered under the Branson's insurance policy. State Farm offered to repair only the damaged portions of the roof. The Bransons disagreed with State Farm's assessment, insisting that they were entitled to a new roof because all of the damage was covered under the policy.

State Farm moved for partial summary judgment on the Branson's bad faith denial claim and presented evidence that it relied on the opinion of an independent engineer to assess whether the damage was covered under the policy. The Court granted State Farm's

motion because "an insurer's reliance on an independent expert provides, at the very least, an arguable basis for denying a claim." Docket No. 49 at 5 (citation omitted). The Court also granted State Farm's motion as to any extracontractual damages because there was an arguable basis to deny the claim. *Id.* at 6.

Accordingly, the remaining issues for trial are whether State Farm breached its contract with the Bransons and, if so, what resulting damages are appropriate. State Farm now moves to exclude arguments regarding its claim handling process, including arguments that it misled the Bransons by telling them to file multiple claims and that it intentionally inserted a contents inventory into the Branson's claim file.

## II.    Legal Standard

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, or alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*Cobb v. Associated Gen. Contractors of Miss. Inc.*, No. 3:20-CV-61-CWR-LGI, 2022 WL 277353, at *1 (S.D. Miss. Jan. 28, 2022) (citing *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

## III.    Analysis

State Farm posits that arguments regarding its claims handling process are irrelevant because the Court granted summary judgment as to any bad faith denial and extracontractual damages claims. The Bransons respond that State Farm's reckless disregard and gross mishandling of their claim warrants introduction of the claim handling process. According

to the Bransons, State Farm will "get away with its abusive conduct towards its own insureds" if the jury is not allowed to consider this information. Docket No. 48 at 2.

The Court agrees with State Farm. The Branson's arguments regarding State Farm's claim handling process appear to be additional allegations that State Farm recklessly denied their claim. The Court has already resolved that question. Thus, any argument that State Farm acted recklessly in resolving the claim is irrelevant as to whether State Farm breached any contract with the Bransons.

### IV. Conclusion

State Farm's motion in limine is granted. The Bransons are prohibited from arguing that State Farm acted recklessly in resolving their claim by misleading them regarding the claims process and intentionally inserting fraudulent information into their claim file.

**SO ORDERED**, this the 9th day of December, 2024.

                                                  s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE